UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SAJJAD QAIYIM RASHEED,                )
                                      )
              Plaintiff,              )
                                      )
        v.                            )      No. 2:25-cv-00305-JPH-MKK
                                      )
V. OSBURN,                            )
                                      )
              Defendant.              )

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER
PROCEEDINGS**

Plaintiff Sajjad Qaiyim Rasheed is an Indiana Department of Correction

("IDOC") prisoner currently incarcerated at Wabash Valley Correctional Facility.

He filed this civil action alleging a nurse denied him necessary medical care while

he was housed at Pendleton Correctional Facility. Because the plaintiff is

incarcerated, this Court must screen the complaint before service on the

defendant. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

determine whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

1

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Rasheed's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). He names one defendant, Nurse Practitioner V. Osburn, a nurse employed by Centurion Health of Indiana, and alleges that NP Osburn violated his rights under the Eighth Amendment.

Mr. Rasheed alleges that despite numerous healthcare requests, NP Osburn refused to provide him with necessary medication and medical attention for a chronic condition. Dkt. 2 at 2. He only received medical care after his wife contacted the IDOC's central office requesting emergency assistance. *Id.* at 3. By the time Mr. Rasheed received medical care at the medical unit, his blood pressure was so high that he was in the "stroke trouble zone," and he had to receive special medication and extended monitoring before he could be released back to his cell located in the Restricted Housing Unit in G-Cellhouse. *Id.* Mr. Rasheed believes that removing an inmate from chronic care when it is clear that treatment is still needed "is a clear case of medical negligence as well as medical malpractice." *Id.*

2

Mr. Rasheed seeks compensatory and punitive damages.

### III. Discussion of Claims

To state a claim that a medical professional was deliberately indifferent under the Eighth Amendment, a plaintiff must allege that he suffered from "(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (internal quotation marks and citation omitted).

Further, under Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)).

Mr. Rasheed does not describe when the events occurred or what the medical condition is that he purports to have. Although he refers to an exhibit in his complaint, dkt. 2 at 2, no such exhibit was attached. So, the Court has considered whether he has provided enough facts to satisfy Rule 8's pleading requirement.

Mr. Rasheed alleges that he provided NP Osburn with notice that he required immediate medical attention and medication for his condition by filing several healthcare request forms. He also alleges that when he was finally seen by medical staff, his blood pressure was so high that he was at risk of a stroke. This is enough for the Court to infer that he was suffering from a serious medical

condition and that NP Osburn was aware of his need for treatment. Additionally, Mr. Rasheed states that NP Osburn was employed by Centurion and that he was housed in the Restricted Housing Unit in G-Cellhouse at Pendleton at the time of this incident, both of which are helpful pieces of information for the defendant to investigate and respond to this claim. Thus, construing Mr. Rasheed's complaint liberally, an Eighth Amendment deliberate indifference claim and an Indiana medical malpractice claim **shall proceed** against NP Osburn.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Rasheed believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through April 20, 2026,** in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process

An Eighth Amendment and medical malpractice claim shall proceed against NP V. Osburn.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendant in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 2, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Defendant Osburn is identified as a Centurion employee. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is ORDERED to provide the full name and last known

home address of Nurse Osburn if he or she does not waive service if they have such information. This information shall be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 3/25/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SAJJAD QAIYIM RASHEED
170842
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronic service to Centurion
        NP V. Osburn

5